# IN THE FEDERAL DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

## IN RE SUBPOENA DUCES TECUM TO VERIZON WIRELESS

| EXHIBITS | | |
|---|---|---|
| **Number** | **Date** | **Description** |
| 1 | 5/13/2019 | Subpoena to Verizon Wireless |
| 2 | | PGPD Electronic Information Policy |
| 3 | | Affidavit |

**LAW OFFICES OF PATRICK J. MCANDREW, LLC**
6305 Ivy Lane, Suite 408
Greenbelt, MD 20770
pmcandrew@mzmlaw.net
dmiller@mzmlaw.net
Office: 301.220.3111     Fax: 301.220.3843

# Exhibit 1

# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | |
|---|---|
| HNLEA NCR, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:18-cv-03821 |
| PRINCE GEORGE'S COUNTY, et al., | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        Verizon Wireless
               Attn: Verizon Security Assistance Team (VSAT)
           180 Washington Valley Road, Bedminster, NJ 07921

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Records relating to the phone numbers attached (Exhibit 1) for the period January 1, 2016 though the present, including the time, date, duration, and destination/origin phone number for all incoming/outgoing calls, and the time, date, destination/origin phone number, and content for all text messages.

| Place: Washington Lawyers' Committee for Civil Rights and Urban Affairs, 11 Dupont Circle, Suite 400, Washington, DC 20036 | Date and Time: <br> 06/12/2019 12:54 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/13/2019

        *CLERK OF COURT*

                              OR

| _____ | /s/ Dennis A. Corkery |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   HISPANIC NATIONAL LAW ENFORCEMENT ASSOCIATION NCR, et al.     , who issues or requests this subpoena, are: Dennis Corkery, Washington Lawyers' Committee for Civil Rights and Urban Affairs, 11 Dupont Circle, Suite 400, Washington, DC 20036, Dennis_Corkery@washlaw.org, (202) 319-1000.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  8:18-cv-03821

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit 1**

Phone number records requested:

█████████ 8314
█████████ 2790
█████████ 5774
█████████ 4484
█████████ 1297
█████████ 7421
█████████ 4477
█████████ 5058
█████████ 6263
█████████ 4481
█████████ 9139

Exhibit 2

| | |
|---|---|
| **SUBJECT:** | Electronic Information Policy |
| **PURPOSE:** | Prince George's County Government maintains its computers and the network for users to conduct the business of the County in a timely and efficient manner. The electronic information system and its contents are the property of Prince George's County Government. The phrase "electronic information" refers to electronic and voice mail, Internet access, Intranet access, and the creation of or access to electronic data (whether by word processing, spreadsheet, or other software programs.) |
| **SCOPE:** | This policy applies to all users of Prince George's County Government Electronic Information Systems, including but not limited to, Prince George's County Government employees, 1000-hour employees, contractors, limited-term grant funded positions and volunteers. |
| **AUTHORITY:** | Chief Administrative Officer |
| **RESPONSIBILITY:** | All Prince George's County Government Departments and Agencies |

**POLICY:**

Information and information systems are essential Prince George's County Government assets, each vitally important to Prince George's County Government's business operations and long-term viability. Prince George's County Government must ensure that information and information system assets are protected in a manner that is cost-effective and that reduces the risk of unauthorized information access, disclosure, modification, or destruction, whether accidental or intentional.

The Office of Information Technology and Communications has established the following policy to address the protection, access, and use of Prince George's County Government electronic data and equipment; and, to detail the rights and responsibilities of users of electronic data and equipment.

## I.     General Use of Electronic Communications Systems

The Office of Information Technology and Communications has established the following Information Technology Policy to provide specific direction on appropriate business use of Prince George's County Government information and telecommunications systems and equipment.

### A.     *Acceptable Use*

Prince George's County Government information and telecommunications systems and equipment, including computers, laptops, handheld communications devices, Internet, Intranet, electronic mail, telephones, cellular phones, pagers, voice mail, and fax, are provided for official

1

and authorized Prince George's County Government business purposes. Any use of such systems and equipment perceived to be illegal, harassing, offensive, or in violation of other Prince George's County Government policies, standards, or guidelines, or any other uses that would reflect adversely on Prince George's County Government, may be considered a violation of this policy.

### B. *Right to Monitor*

Prince George's County Government reserves the right to monitor, record, or periodically audit use of any of its information and telecommunications systems and equipment. Use of these systems and equipment constitutes expressed consent to such monitoring, recording, and auditing. Actual or suspected misuse of these systems should be reported to the appropriate Prince George's County Government management representative in a timely manner.

### C. *Privacy and Ownership*

Electronic information created, sent, forwarded, received, or saved on Prince George's County Government electronic information systems is the property of Prince George's County Government and is not considered the private communications of any user. All users are advised that there is no expectation of privacy regarding any information created, sent, received, or stored through or by Prince George's County Government electronic information systems. Such information is the property of Prince George's County Government. Prince George's County Government reserves the right to view and monitor all electronic information created, sent, forwarded, received, or saved on Prince George's County Government electronic information systems without notice. As provided by applicable law, electronic information on Prince George's County Government's systems may be subject to retrieval and disclosure at any time for litigation discovery, Maryland Public Information Act requests, and law enforcement, or other regulatory investigations.

## II. Business Conduct Guidelines

### A. *Proper Use*

Prince George's County Government electronic information systems are to be used for Prince George's County Government authorized and official business and work-related purposes. Incidental personal use is permissible with the approval of the Appointing Authority as long as the incidental personal use does not interfere with employee productivity; does not preempt any business activity; does not hamper or conflict with the transaction of Prince George's County Government business; and does not consume more than a trivial amount of system resources. Examples of such use are scheduling medical appointments, communicating with schools, or contacting childcare workers. Such permitted uses are intended to support a family friendly environment, while mitigating the need for the employee's absence from the workplace to conduct such tasks. In all cases, the direct supervisor and, ultimately, the Appointing Authority are responsible for the enforcement of proper use.

Employees are reminded that the use of County government information system resources should never be used inappropriately or create the appearance of inappropriate use.

County electronic communication systems must not be used for:

- o Charitable Fundraising
- o Religious Advocacy or Religious Activities
- o Political Advocacy Efforts or Political Messages
- o Private Business Activities
- o Personal Amusement And Entertainment
- o Soliciting Business or Unauthorized Solicitations Of Any Kind
- o Selling Products
- o Otherwise Engaging In Commercial Activities
- o Transmitting Or Accessing Copyrighted Information In A Way That Violates The Copyright Laws
- o Downloading Or Accessing Software Or Data From Another Source That Has Not Been Determined To Be Free Of Viruses
- o Personal Gain
- o Chain Letters
- o Illegal Activities
- o Spamming
- o Internet Relay Chat (IM through AOL, Yahoo, MSN, etc.)

It is prohibited to use the County's electronic information system to view, create, forward, save, maintain, or send offensive material. Offensive material refers to any inflammatory material; material with abusive language; sexually, culturally, or racially offensive or insulting material; or obscene, vulgar, or profane material.

## III.  Personally Identifiable Information

The Office of Human Resources Management (OHRM) is the custodian of employee records and the Office of Information Technology Communications (O ITC) is the custodian of employee electronic data. Management and authorized employees must be vigilant in securing the personally identifiable information of employees, customers, citizens, and residents of Prince George's County.

### A.  *Background*

As evidenced by recent news reporting stolen electronic personally identifying information, organizations are realizing the devastating effect of public disclosure from inadequate privacy practices. Extraordinary care must be taken with the use of personally identifiable information; otherwise, we may place this information in the wrong hands.

### B.  *Definition*

Personally identifiable information is any piece of information that potentially can be used to uniquely identify, contact, or locate an individual. Examples of personally identifiable information include:

1) Full Name;

2) Social Security Number;

3) Telephone Number;

4) Street Address;

5) Email Address;

6) Vehicle Registration Plate Number;

7) Driver's License Number;

8) Face, Fingerprints, or Handwriting,

9) Medical Information,

10) Work Schedules,

11) Picture/Photo Identification,

12) Bank Accounts/Direct Deposit Accounts; and

13) Employment Records.

    C.    *Points of Information*

Advances in Information Technology have made it easier to collect personally identifiable information resulting in a profitable collection and resale market, as well as criminal exploitation of personally identifiable information through identity theft.

Lawmakers have responded by enacting a series of legislation to limit the distribution and accessibility of personally identifiable information. Several examples of this legislation include:

1) HIPAA, which primarily focuses on protecting personally identifiable health information;

2) the Privacy Act of 2005, recently proposed by the U.S. Senate, which attempts to strictly limit the display, purchase, or sale of personally identifiable information without consent;

3) The Anti-Phishing Act of 2005, which attempts to prevent the acquiring of personally identifiable information through phishing; and

4) The Social Security Number Protection Act of 2005 and Identity Theft Prevention Act of 2005, each seeking to limit the distribution of social security numbers.

    D.    *Procedure*

**Employees in every Prince George's County Government Agency, Department, Division, and organizational unit are immediately requested to observe the following Enterprise Security Guidelines related to access and use of personally identifiable information.**

1) Restrict access to personally identifiable information to authorized users. Restrict the ability to create databases, lists, or files that include personal identifying information by those with authorized access to personally identifiable information;

2) Prohibit physical removal of personally identifiable information from Prince George's County Government on removable media (disks, CDs, DVDs, tapes, drives, USB drives) and laptop computers unless expressed written authorization is approved and obtained in advance by the Appointing Authority and forwarded to the Directors of the Office of Human Resources Management and the Office of Information Technology and Communications;

3) Prohibit creation, storage, and posting of databases, lists, or files containing personally identifiable information on local (e.g., C:\ and D:\) drives, network shared (e.g., I:\ or S:\) drives, Internet, Intranet, or electronic mail without the expressed written consent of the Directors of the Office of Human Resources Management and the Office of Information Technology and Communications;

4) Inform employees on the need for securing personally identifiable information. Implement procedures to ensure that personally identifiable information is not improperly created and stored;

5) Conduct an accurate and thorough assessment of any existing databases, lists, and files that contain personally identifiable information;

6) Secure (password protect) or remove any existing databases, lists, and files that contain personally identifiable information from local (e. g., C:\ and D:\) drives, network shared (e.g., I:\ or S:\) drives, Internet, Intranet, and electronic mail;

7) Implement procedures to determine that employee access to personally identifiable information is appropriate;

8) Identify any vulnerability as related to the availability of electronic personally identifiable information. Resolve vulnerabilities or contact the Office of Information Technology and Communications Enterprise Security Manager for assistance;

9) Apply appropriate sanctions against employees who fail to comply with the information presented in this Administrative Procedure, and associated and referenced security policies, standards, guidelines, processes, and procedures. These sanctions may include all applicable federal, state and County laws. Failure to comply with these guidelines may subject employees to severe disciplinary action, up to and including, dismissal and removal as an authorized County user; Any and all users who fail to comply with these guidelines may also be removed as users.

5

10) Report all incidents of misuse of personally identifiable information to the Office of Information Technology and Communications Enterprise Security Manager;

11) Comply with the Prince Georges County Personnel Law, as may be amended from time to time, which support the County's privacy laws and relate to personally identifiable information:

   a. Personnel Law Section, 16-108 Appointing Authorities, supervisors and employees general responsibilities (include maintaining security of confidential records);

   b. Personnel Law Section, 16-215 Records Policy (confidential information);

   c. Personnel Law Section, 16-217 Departmental or agency personnel files;

   d. Personnel Law Section, 16-238 Use of employee's Social Security account number;

   e. Personnel Procedure #262 Maintenance, Access and Retention of Personnel Files; and

   f. Maryland Public Information Act (MPIA).

**The physical removal of any lists, files and/or data from a Department or Agency is prohibited unless expressed written authorization is approved and obtained in advance by the Appointing Authority and forwarded to the Directors of the Office of Human Resources Management and the Office of Information Technology and Communications.**

### ADDITIONAL POLICIES AND STANDARDS:
The full version of the following Policies and Standards relating to information and information systems: access, disclosure, modification, or destruction is found on the Prince George's County Government Intranet located within the Office of Information Technology and Communications Agency Portal Page. It is the responsibility of all employees to become familiar with and to comply with all OITC Policies and Standards relating to information and information systems and the associated and referenced guidelines, processes, and procedures.

### IV. Electronic Mail Acceptable Use

. The Office of Information Technology and Communications has established an Electronic Mail Acceptable Use Standard to provide specific instructions and requirements on the proper and appropriate business use of electronic mail resources.

### V. Internet Acceptable Use

The Office of Information Technology and Communications has established an Internet Acceptable Use Standard to provide specific instructions and requirements on the proper and appropriate business use of Internet resources.

## VI.    Intranet Acceptable Use

The Office of Information Technology and Communications has established an Intranet Acceptable Use Standard to provide specific instructions and requirements on the proper and appropriate business use of Intranet resources.

## VII.    Electronic Records Retention

The Office of Information Technology and Communications has established an Electronic Records Retention Policy to establish specific requirements and responsibilities for the management and disposition of Prince George's County Government electronic records.

## VIII.    Access Control

The Office of Information Technology and Communications has established an Access Control Standard to provide specific instructions and requirements for the proper identification, authentication, and authorization controls necessary to access Prince George's County information assets.

## IX.    Physical Access

The Office of Information Technology and Communications has established a Physical Access Standard to provide specific instructions and requirements for proper controls to physically access Prince George's County Government information assets.

## X.    Remote Access

The Office of Information Technology and Communications has established a Remote Access Standard to provide specific instructions and requirements for the proper identification, authentication, and authorization controls necessary to remotely access Prince George's County Government information assets.

## XI.    Security Awareness

The Office of Information Technology and Communications has established a Security Awareness Policy to establish specific standards on the protection of the confidentiality, integrity, and availability of Prince George's County Government information assets.

## XII.    Hardware Acceptable Use

The Office of Information Technology and Communications has established a Hardware Acceptable Use Standard to provide specific instructions and requirements on the proper and appropriate business use of Prince George's County Government hardware.

### XIII. Software Acceptable Use

The Office of Information Technology and Communications has established a Software Acceptable Use Standard to provide specific instructions and requirements on the proper and appropriate business use of Prince George's County Government software.

### XIV. Asset Protection

The Office of Information Technology and Communications has established an Asset Protection Policy to establish specific standards on the protection of the confidentiality, integrity, and availability of County Government information assets.

### XV. Asset Identification and Classification

The Office of Information Technology and Communications has established an Asset Identification and Classification Policy to establish specific standards on the identification, classification, and labeling of Prince George's County Government information assets.

### XVI. Information Classification

The Office of Information Technology and Communications has established an Information Classification Standard to provide specific instructions and requirements for classifying information assets.

**ENFORCEMENT:**
Appointing Authorities are responsible for implementation and adherence to this Administrative Procedure within their respective Prince George's County Government Departments and Agencies. This Administrative Procedure supersedes all prior policies and any policy drafted by individual Departments and Agencies. All users who violate this Administrative Procedure may be removed, including termination of employment for employees or termination of contracts for contractors, partners, consultants, and other entities. Employees may be disciplined for violating this Administrative Procedure in accordance with applicable law.

**INFORMATIONAL CONTACT:**
Questions about the above Administrative Procedure should be directed to the Office of Information Technology and Communications at (301) 952-5150.

**EFFECTIVE DATE:**
This Administrative Procedure is effective on date of signature.

__3/27/07__
Date

Dr. Jacqueline F. Brown
Chief Administrative Officer

8

Exhibit 3

## AFFIDAVIT OF PRINCE GEORGE'S COUNTY POLICE DEPARTMENT
## CAPTAIN JOSEPH GHATTAS
## REGARDING TELEPHONE USAGE

I, Captain Joseph Ghattas, this ___9___ day of June, 2019, make oath to the following:

1.  I am over the age of eighteen (18) years, and am competent to be a witness; and

2.  I am currently a Police Officer with the Prince George's County Police Department ("PGPD"), holding the rank of Captain.

3.  That I currently possess a cellular phone provided to me by my employer, PGPD, with the corresponding telephone number (XXX) XXX-4481.

4.  That, prior to January 2016, I possessed the subject department-owned phone as well as a personally-owned phone, and due to the impracticality of maintaining two phones and the cumbersome nature of carrying two phones, I decided to solely utilize the county-owned phone for both work and permissible personal-related uses.

5.  That I continue to solely utilize the department-owned phone.

6.  That the subject phone contains personal text messages, pictures, communications with medical providers, and prescription alerts.

7.  That the subject phone is linked to four (4) email accounts which are not associated with the PGPD or Prince George's County.

8.  That it is the custom and practice of PGPD officers to routinely conduct personal business on Department-issued phones.

9.  That I have not been contacted by Verizon Wireless regarding the subpoena requesting information pertaining to the above-listed number.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____

Joseph Ghattas